UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE M. THIERRY,

                Plaintiff,

    -against-

RICHARD MARTIN,

                Defendant.

1:21-CV-7944 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Christine M. Thierry, of Sagaponack, Suffolk County, New York, brings this *pro se* action under the Court's diversity jurisdiction. She sues Richard Martin, of Bethlehem, Northampton County, Pennsylvania. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania.

    Under the relevant venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

    Plaintiff alleges that Defendant Martin resides in Bethlehem, Northampton County, Pennsylvania; a substantial part of the events giving rise to Plaintiff's claims occurred there; and that the property at issue is also located there. Northampton County lies within the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Thus, venue is proper in the federal district court for that judicial district. *See* § 1391(b). Because Plaintiff does not allege that Defendant Martin resides in this judicial district, a substantial part of the events or omissions giving rise to

Plaintiff's claims arose in this judicial district, or that a substantial part of the property that is the subject of this action is situated in this judicial district, venue is not proper in this court under Section 1391(b).[1] Accordingly, the Court transfers this action to the only proper venue for this action, the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 24, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx, (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).